JOHN C. HARKNESS *vs.* GEORGE W. MCINTIRE.

Waldo.    Opinion May 30, 1884.

*Real action.    Rents and profits.*

A contract was made between two persons for the sale by one to the other of a lot of land. The purchaser made a part payment and went into the possession and occupation of the premises. Afterwards the contract was rescinded and the purchaser brought an action for what he had paid towards the land and recovered without any deduction for the use of the premises. *Held,* in a writ of entry by the seller, that he was entitled to recover with the land the value of the rents and profits.

ON REPORT.

Writ of entry. The tenant went into possession May 10, 1880, and the writ was dated October 3, 1881. If the demandant was entitled to *mesne* profits the report provided that they were to be assessed at the rate of eighteen dollars a year between those dates.

The other material facts are stated in the opinion.

*Joseph Williamson,* for the plaintiff.

*William H. Fogler and Philo Hersey,* for the defendant.

Plaintiff cannot recover for *mesne* profits in this action :

1. Because he has not set forth any claim for them in his declaration. *Pierce* v. *Strickland,* 25 Maine, 440 ; *Larrabee* v. *Lumbert,* 36 Maine, 440. The statute in force when the above cases were decided,—R. S., 1841, c. 145, § 14, is identical with the present statute. R. S., c. 104, § 12.

2. Because the tenant's possession was by consent of the demandant, without any agreement or expectation to pay rent, under a verbal agreement to purchase, part payment of the purchase money having been made. *Jewell* v. *Harding,* 72 Maine, 124.

LIBBEY, J. This is a writ of entry to recover a lot of land in the possession of the defendant. The plaintiff's right to recover is admitted. The only question presented to us is whether

the plaintiff is entitled to recover rents and profits of the premises for the time the defendant had been in possession prior to the commencement of the action.

By the report it appears that on the 10th day of May, 1880, the defendant made a verbal contract for the purchase of the demanded premises, paying $150 down, and agreeing to pay the balance in three annual payments of $50 each, and entered into possession under that contract. The defendant commenced a suit against the plaintiff to recover back what he had paid towards the purchase, and at the October term, 1882, recovered the $150 which he paid in part payment, less certain lumber cut from the place, which was the subject of an account in set-off. Nothing appears to have been deducted for rents and profits. The ground upon which the plaintiff in that suit recovered back what he had paid towards the purchase, does not distinctly appear; but we infer from the facts and evidence reported, it was on the ground that the contract for the purchase had been rescinded by the parties.

The general rule is that when a plaintiff recovers judgment in a writ of entry, he may recover damages for the rents and profits of the premises. R. S., c. 104, § 11. But cases may arise when upon equitable as well as upon technical grounds, the plaintiff may not be entitled to rents and profits. *Jewell* v. *Harding*, 72 Maine, 124.

When the contract between the parties was rescinded they stood in relation to the subject matter as if no contract had been made. The defendant had been in possession, taking the rents and profits of the premises. They were not deducted from the sum he sought to recover back of the plaintiff. No equitable or legal reason is shown why he should not be charged with them in this suit. The case is unlike *Jewell* v. *Harding*, *supra*. In that case the defendant had purchased the demanded premises, taking what both parties supposed was a good deed; but it was not sealed, and the plaintiff claimed to recover the premises upon that ground. When the action was commenced, the defendant had an equitable title which the court, in equity, would compel the plaintiff to perfect by sealing his deed.

Not so in this case. When the contract was rescinded, the defendant ceased to have any rights, legal or equitable, under it. He could recover back what he had paid in part execution of it, and the plaintiff became entitled to the rents and profits of the land. We see nothing that takes the case out of the general rule. In accordance with the stipulations of the report,

> *Judgment for the plaintiff for the land, and for rents and profits assessed at $25.10.*

PETERS, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.